UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KELLY J. CONRAD, | ) | CASE NO.: 5:20CV1509 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by the Commissioner to the Report and Recommendation ("R&R") of the Magistrate Judge. On May 19, 2021, the Magistrate Judge issued his R&R in this matter recommending that the Court vacate the decision of the Commissioner and remand for further proceedings. On June 3, 2021, the Commissioner objected to the R&R. On that same day, Plaintiff Kelly Conrad responded to the objections. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the

Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

The Commissioner's objection focuses upon the R&R's conclusion that the ALJ failed to build a logical bridge between the evidence and the result. In short, the R&R notes that the ALJ found the opinions of both state agency psychological consultants to be "persuasive." However, when formulating an RFC, the ALJ did not include all of the limitations opined on by the agency consultants. In that respect, the R&R noted: "SSR 96-8p requires that, '[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.'" Doc. 19 at 20. In his objection, the Commissioner contends that SSR 96-8p was satisfied because a review of the ALJ's full decision reveals support for rejecting the portions of the consultant's opinions that were excluded from the RFC.

Upon review, the Court can find no legal support for the objection raised by the Commissioner. Instead, the Commissioner *interprets* the ALJ's discussion of Plaintiff's daily activities at various points in the record as explanatory. That is to say, the Commissioner seeks to *add* to the ALJ's opinion by asserting that the ALJ's references to Conrad engaging in therapy sessions, having close friends, cooperating with providers, and interacting with others were in fact explaining the ALJ's decision to reject certain portions of the consultant's opinion. The Commissioner, however, fails to acknowledge that the ALJ never actively stated that those opinions were rejected. As such, reading other portions of the record to support a finding that was never explicitly made is the type of *post hoc* reasoning that is prohibited in this Court's review.

For the reasons stated above, the Commissioner's objection is OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby VACATED, and this

matter is hereby remanded for further proceedings consistent with this opinion.

    IT IS SO ORDERED.


Dated: September 27, 2021                            */s/ John R. Adams*
                                                                      JUDGE JOHN R. ADAMS
                                                                      UNITED STATES DISTRICT JUDGE